David IRISH, a Minor, by and Through His Guardian Ad Litem, Clifford L. Irish, and Clifford L. Irish, Appellants,

v.

UNITED STATES of America and Lyle James Smith, Appellees.

No. 14124.

United States Court of Appeals Ninth Circuit.

April 30, 1957.

J. Adrian Palmquist, Oakland, Cal., Francis T. Cornish, Berkeley, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., William H. Lally, Robert E. Woodward, Asst. U. S. Attys., Sacramento, Cal., for appellee.

Before DENMAN, Chief Judge, and POPE and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

Irish appeals from a judgment in a federal tort claims act case holding the United States not liable for injury to him through the negligence of its driver Smith in operating a United States mail truck in Marysville, California in the vicinity where Irish, a child under four years of age, was playing. The district court dismissed the complaint as to Smith and Irish assigns no error in such dismissal in his statement of points on appeal.

In such a case the burden of proof is under the law of the State of California as stated in Kading v. Willis, 135 Cal. App.2d 82, at page 87, 286 P.2d 861, at page 865 as follows:

> "The rule now generally accepted in this state and elsewhere is that the operator of a motor vehicle who is or should be cognizant of the proximity of children must exercise ordinary care to discover their presence upon or near his vehicle and upon such discovery to use ordinary care to avoid inflicting injury upon them * * *."

The ground of the appeal is that "The supplemental finding made by the court that the defendants were not negligent is not supported by, and is contrary to, the evidence." The supplemental findings [1] complained of so far as pertinent, read:

"VI.

"It is true that Donald Hubbard, who was nine years of age at the time of the trial, and eight years old at the time of the accident, was the sole eyewitness to the accident.

"VII.

"It is true that the said eyewitness Donald Hubbard 'had an affinity for any leading question which he could answer with a "Yes." '

"VIII.

"It is true that what the Court of Appeals has termed 'the contradictory testimony of Donald Hubbard' has left this Court in doubt as to exactly how the accident occurred.

"IX.

"It is true that without the testimony of said Donald Hubbard, this Court could infer that the said David Irish ran 'up to the truck from some undisclosed location to be struck down by the left rear wheel.'

"X.

"It is true that this Court is unable to find that the said Smith negligently drove, operated, maintained or controlled the said mail truck. That it is true that said mail truck collided with and ran over the plaintiff David Irish, a minor. That it is true that this Court *is unable to*

1. The pertinent finding to which the supplemental finding was made, reads:
"V. * * * It is not true that the said Smith negligently drove, operated, maintained or controlled the said mail truck. That it is true that the said mail truck collided with and ran over the plaintiff David Irish, a minor. That it is not true that the collision or the injuries sustained by the said minor David Irish proximately resulted from any negligence of the defendants or either of them. * * *" (Emphasis supplied.)

*find* that the collision or the injuries *sustained by* the said minor David Irish proximately resulted from any negligence of the defendants or either of them. * * * "

These supplemental findings were made in response to a holding in a prior appeal, 9 Cir., 225 F.2d 3, 7, that the original finding, set forth in the footnote supra, "does not tell us whether the court believed all or part of the contradictory testimony of Donald Hubbard, who seemingly had an affinity for any leading question which he could answer with a 'yes.' "

We hold the supplemental findings adequately satisfy the requirements of the court's opinion in the prior appeal.

The judgment is affirmed.